**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **VICTORINE TCHOUKOUALE SPSE TOUKO TOMTA,**<br>**1502 Silverado Ct**<br>**Bowie, MD 20721,** | : |
| **Plaintiff,** | : |
| **v.** | : |
| **Department of Homeland Security (DHS)**<br>**Secretary Kristi Noem;** | : CA#:__________________ |
| **Attorney General, Pam Bondi,**<br>**U.S. Department of Justice;** | : **AGENCY CASE NUMBER:**<br>: **ZAR2045706180** |
| **U.S. Citizenship and Immigration Services (USCIS)**<br>**Director, Joseph B. Edlow;** | : |
| | : **REQUEST FOR ORAL**<br>: **ARGUMENT** |
| **USCIS Refugee, Asylum and International Operations**<br>**Directorate (RAIO), Associate Director, Ted H. Kim;** | : |
| **and** | : |
| **USCIS Arlington Asylum Office (ZAR),**<br>**Director Ron Rosenberg,** | : |
| **Defendants.** | : |

**COMPLAINT AND ACTION IN MANDAMUS FOR**
**DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, VICTORINE TCHOUKOUALE SPSE TOUKO TOMTA, by and through his undersigned counsel, hereby brings this action for mandamus relief and relief under the Administrative Procedure Act ("APA") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This civil action seeks judicial review of arbitrary and capricious delay in Plaintiff's I-589 Application for Asylum and for Withholding of Removal ("I-589 Application") that She filed with Defendant, USCIS on or about August 14, 2020. This petition was assigned USCIS receipt number ZAR2045706180. See Acknowledgement of Receipt Dated September 2, 2020, Exhibit A. To date, USCIS has not interviewed and adjudicated VICTORINE TCHOUKOUALE SPSE TOUKO TOMTA's I-589 Application, although it has been more than and two-thousand twenty-three (2,023) days since she applied.

2. This action falls under (Administrative Procedures Act) to compel Federal agencies' action unlawfully withheld or unreasonably delayed. Under the Administrative Procedure Act, federal agencies must "within a reasonable time, each agency shall proceed to conclude a matter presented to it." U.S.C. §551 *et seq*. So, Courts are empowered by the APA to "compel agency action unlawfully withheld or unreasonably delayed."

3. This action seeks an Order from this Honorable Court finding that Defendants have arbitrarily, unlawfully, and unreasonably delayed scheduling Plaintiff's I-589 asylum interview and adjudicating his I-589 application.

4. Plaintiff also seeks an Order from this Honorable Court compelling the Defendants and those acting under them to take all appropriate action to schedule his I-589 asylum interview and adjudicate his application within 30 days of the Court's order pursuant to 5 U.S.C. §555(b).

5. If this Court does not see fit to issue an Order pursuant to 5 U.S.C. §555 (b), Plaintiff respectfully asks the Court to issue a Writ of Mandamus, ordering the Defendants to schedule his asylum interview and adjudicate his I-589 Application.

6. Plaintiff is entitled to Attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). 5 U.S.C. §504 and 28 U.S.C. §2412(2), *et seq*.

**JURISDICTION AND VENUE**

7. This case arises under the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq*., the regulations implementing the INA, and the Administrative Procedures Act (APA), U.S.C. §551 *et seq*. compelling federal agencies actions unlawfully withheld or unreasonably delay.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C.S. §1346(b) (federal defendant), 5 U.S.C. §704 (Administrative Procedure Act) and the Mandamus Act, 28 U.S.C. § 1361, as Plaintiff asks this Court to find that USCIS's processing of his I-589 application is unreasonable, unlawful, and in violation of the APA. The Court may grant injunctive relief pursuant 5 U.S.C. §§ 701 and 706 and 28 U.S.C. § 1361. The United States has waived its sovereign immunity pursuant to 5 U.S.C. § 702.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (e), because Plaintiff resides in this District and no real property is involved in this action.

**PARTIES**

10. Plaintiff, VICTORINE TCHOUKOUALE SPSE TOUKO TOMTA is an adult who came to the United States in initially on B-2 visa in 2020. She is lawfully present in the

United States. She resides in Laurel, Maryland. He filed his I-589 application with Defendant, USCIS on or about August 14, 2020.

11. Defendant, United States Citizenship and Immigration Services (USCIS) is a component sub-agency of the U.S. Department of Homeland Security (DHS). The agency is responsible for the adjudication of applications for affirmative asylum that do not fall within the jurisdiction of Executive Office for Immigration Review (EIOR).

12. Defendant, U.S. Department of Homeland Security is the defendant agency responsible for overseeing the Immigration and Naturalization process in the United States.

13. Defendant, Kristi Noem is being sued in her official capacity as the Secretary of DHS. The Secretary of Homeland Security is responsible for the administration and enforcement of the immigration laws pursuant to 8 U.S.C.§1103.

14. Defendant, Pam Bondi is being sued in her official capacity as the Attorney General of the United States. In this capacity, she is responsible for the completion of "name checks" and other background investigations required for the adjudication of immigration petitions and applications, including I-589 applications.

15. Defendant, Joseph B. Edlow is being sued in her official capacity as the Director of USCIS, the subagency charged with adjudicating Plaintiff's I-589 application.

16. Defendant, Ted H. Kim is being sued in his official capacity as the associate Director for Refugee, Asylum, and International Operations Directorate. This USCIS office is responsible for the adjudication of I-589 applications.

17. Defendant, Ron Rosenberg is being sued in his official capacity as the Director of the USCIS Arlington Asylum Office. This USCIS Office is responsible for the adjudication of I-589 applications.

**<u>FACTUAL ALLEGATIONS</u>**

18. Plaintiff filed his I-589 application with Defendant, USCIS on or about August 20, 2020. (Exhibit A).

19. Plaintiff's I-589 was assigned USCIS case number ZAR2045706180. *Id*.

20. In or about 2020, Plaintiff had his biometrics taken at a USCIS facility.

21. Plaintiff first contacted USCIS, Arlington Asylum Office, through her attorney, on December 16, 2022, requesting that her case be put on the "Short List" (Exhibit B). The Plaintiff again contacted USCIS through Senator Ben Cardin on July 14, 2024, to inquire about the status of her asylum application. In response, USCIS stated that the Plaintiff's asylum application was pending and awaiting an initial interview. (Exhibit C).

22. Plaintiff has diligently monitored the status of her application through USCIS's online systems. Despite this diligence, Plaintiff's form I-589 Application for Asylum and for Withholding of Removal remains pending and well outside normal processing times, as her form I-589 application has exceeded USCIS's published processing time standard (Exhibit D). USCIS has not scheduled an asylum interview and has taken no substantive action on the application. As of the filing of this Complaint, five hundred ninety-eight (598) days have passed since Plaintiff's last request for action, and more than two thousand twenty-three (2,023) days have elapsed since Plaintiff filed her form I-589 application for Asylum and for Withholding of Removal. This extended period of

inaction exceeds any reasonable timeframe for agency decision-making and has left Plaintiff in prolonged uncertainty without resolution of her legal status.

**COUNT I**
(**Violation of the Administrative Procedure Act)**

23. Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs.

24. 5 U.S.C. §555(b) of the APA provides that "within a reasonable amount of time, each agency shall proceed to conclude a matter presented to it.".

25. 5 U.S.C. §706 (1) of the APA further requires the Court to "compel agency action unlawfully withheld or unreasonably delayed".

26. Pursuant to the APA, a person adversely affected by the agency's action (including failure to act 5 U.S.C. § 551(13)) is entitled to judicial review. See 5 U.S.C. §702. So, under APA, the person adversely affected not only must establish that defendant has nondiscretionary duty to act and to do so within reasonable time (See *Norton v. S. Utah Wilderness Alliance (SUWA)*, 542 U.S.55, 6, n.1 (2004)); but must also show that the challenged delay is unreasonable (*Kashkool v. Chertoff*, 553F.Supp.2d 1131, 1142 (D. Ariz. 2008)).

27. Defendant has a non-discretionary duty to act to schedule an asylum interview for, and complete the adjudication of, Plaintiff's I-589 Application.

28. In this instance, Plaintiff is challenging the reasonableness of Defendant, USCIS and DHS delay or inaction in the scheduling of his asylum interview and adjudication of his I-589 application, not the grant or denial of the filing, and is entitled to an order compelling Defendants to promptly explain the same.

29. To determine whether the agency's delay is unreasonable under §706(1) of the APA, the Court considers the following factors: (1) whether the time agencies take to make decisions is governed by the rule of law; (2) where the Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this "rule of reason"; (3) delays in the sphere economic regulation are less tolerable when human health and welfare are at stake; (4) consideration of the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the nature and extent of the interests prejudiced by delay; and (6) no need to find impropriety of agency lassitude in order to hold that agency action is unreasonably delayed. *See Telecomms. Rsch. & Action Ctr. V. FCC (TRAC)*, 750 F.2d 7 (D.C. Cir. 1984) (TRAC factors").

30. Asylum offices have a statutory duty to schedule an asylum within 45 days of the initial filing; the entire case must be completed within 180 days. *See* INA § 208(d)(5)(A)(ii) & (iii). USCIS has failed to abide by the deadline set by the Congress. See *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189-90 (D.C. 2016) (noting that where "the statute imposes a deadline or other clear duty to act, the bulk of TRAC factor analysis" likely should focus on "the equitable question of whether mandamus should issue, rather than the jurisdiction question of whether it could").

31. Plaintiff's I-589 application has been pending since August 20, 2020. Defendants have unreasonably delayed adjudication of Plaintiff's I-589 application, considering that Plaintiff's application has been pending for more than two thousand twenty-three **(2,023)** days. Pursuant to 8 U.S.C.§, Plaintiff has a clear right to have his I-589

application adjudicated because he falls within the zone of interest of the INA provisions. Defendants also have a mandatory duty to adjudicate his I-589 application. *See* C.F.R.§103.2(b)(19) (requiring a written decision on petitions and applications).

32. Here, delays in scheduling Plaintiff's asylum interview and completing adjudication of his I-589 application have been unreasonable when applying the TRAC factors.

33. Defendants unreasonable and unlawful delays in completing the background checks for, scheduling, and completing adjudication of his I-589 application jeopardize human health and prejudice Plaintiff because he is unable to plan for his future or live securely in the United States while living in limbo, waiting for the USCIS to act. *See Asmai v. Johnson*, 182 F. Supp. 3d 1086. 1096 (E.D. Cal. 2016) where the Court concluded that an asylee's welfare was "damaged by [the] unreasonable delay and insecurity of immigration status.

**<u>COUNT II</u>**
**(Mandamus Act)**

34. Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs.

35. The Mandamus Act authorizes this Court to compel a federal officer or agency to perform a clear nondiscretionary duty owed to Plaintiff. *See* 28 U.S.C. §§1361 and 1651.

36. For this Court to provide remedy through the Mandamus Act, the Plaintiff who is an asylum-seeker, is required to affirmatively demonstrate that; (1) he has a clear right to the relief requested; (2) the defendants have a clear duty to schedule the Asylum

interview and adjudicate his I-589 application; and (3) no other adequate remedy is available. *Iddir v. INS*, 301F.3d 492, 499 (7th Cir. 2002).

37. Plaintiff has a clear right to apply for asylum and have his I-589 application adjudicated because as an Asylum seeker, he falls within the zone of interest of the INA asylum provisions. 8 C.F. R. §208.9(a) mandates adjudication of Asylum application. Likewise, where there is a right to apply for a benefit, there is a right to receive a decision on the Application. *Id*. Moreover, DHS through its sub-agency USCIS, has imposed on itself such a duty, mandating that "[t]he Service shall adjudicate the claim of each asylum applicant" who has filed a complete application.

38. Defendants have a clear duty to schedule the asylum interview and complete adjudication of his I-589 application no later than 180 days after the date of which the application was filed. INA § 208(d)(5)(A)(ii) & (iii). Defendants have a mandatory duty to adjudicate Plaintiff's I-589 Application, and to render a decision on the Plaintiff's I-589 Application even if it is discretionary. Mandamus can so be used to compel Defendants to exercise its discretion in this case as they have failed to complete the background checks, to schedule an interview and to complete adjudication of his I-589 Application.

39. Plaintiff has applied for Asylum since 2020, Because Plaintiff has a clear right and nondiscretionary duty have been established – mandamus is appropriate as the government has failed to act within reasonable amount of time. Moreover, the length of delay is unreasonable in light of the statutory deadline and the harm to Plaintiff's welfare. *See* TRAC, 750 F.2d at 70.

40. No adequate remedy is available because there is no other means for forcing Defendants to decide Plaintiff's I-589 Application – Plaintiff's waiting for asylum interview and adjudication of his I-589 Application has no other forms of relief other than waiting. No other avenues are available to expedite adjudication of his I-589 Application.

41. Defendants unreasonable and unlawful delays in completing the background checks for, scheduling, and completing adjudication of his I-589 application jeopardize human health and prejudice Plaintiff. *Asmai v. Johnson*, 182 F. Supp. 3d 1086. 1096 (E.D. Cal. 2016).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

A. Declare that Defendants' failure to schedule an asylum interview and adjudicate Plaintiff's Form I-589 Application for Asylum and for Withholding of Removal constitutes agency action unlawfully withheld or unreasonably delayed in violation of the Administrative Procedure Act, 5 U.S.C. §§ 555(b) and 706(1);

B. Order Defendants to take action on Plaintiff's Form I-589 application within a reasonable period of time, including scheduling an asylum interview and issuing a decision, without directing or influencing the substantive outcome of that decision;

C. Retain jurisdiction over this matter to ensure Defendants' compliance with the Court's order;

D. Award Plaintiff costs and reasonable attorneys' fees, if applicable, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

E. Grant such other relief as this Court deems just and proper.

**Dated: 03/13/2026**

Respectfully submitted,

**NGAMGA-K LAW PLLC**

*/s/Gertrude Ngamga Kamtchoum*

______________________________

Gertrude N. Ngamga Kamtchoum, Esq. (Bar#25830)
300 New Jersey Avenue, NW -Suite 900
Washington, DC 20001
Tel. (202) 469-3445
Email: gngamga@ngamgalaw.com
*Counsel for Plaintiff*